UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MICHAEL JOSHUA HENDERSON,

                          Plaintiff,

                                                                          Case # 18-CV-6091-FPG

v.

                                                                          ORDER

BRIAN HEMBROOK, et al.,

                        Defendants.
_____

       On March 8, 2021, *pro se* Plaintiff Michael Joshua Henderson filed a motion, ECF No. 57, seeking to file an amended complaint ("Second Amended Complaint") and seeking reconsideration of the Court's Decision and Order dated February 2, 2021, ECF No. 53. The Court has reviewed Plaintiff's proposed Second Amended Complaint. Plaintiff reasserts three claims he previously asserted in his First Amended Complaint, ECF No. 26, (claims one, three, and eighteen in the First Amended Complaint; claims one, two, and three respectively in the proposed Second Amended Complaint) with only non-substantive changes. ECF No. 57-1. The Court previously screened those claims pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A and permitted those claims to proceed. *See* ECF No. 28. The remaining Defendants have answered those claims. ECF Nos. 54, 55.

       Plaintiff also realleges his claim that a rule at the Central New York Psychiatric Center ("CNYPC") is unconstitutionally overbroad and vague and violates his right to freedom of intimate association (claim twenty-one in the First Amended Complaint; claim four in the proposed Second Amended Complaint). The Court previously dismissed this claim because Plaintiff lacks standing to challenge the CNYPC rule. ECF No. 53 at 10–15. Plaintiff's prior allegations and arguments made clear that the injury he alleged, inability to correspond with "DB," was not being caused by

the CNYPC rule, which no longer applied to DB as she was no longer employed by CNYPC, but rather was being caused by a "negative correspondence." *Id.* at 2–3, 10–15. Plaintiff's new allegations are entirely consistent with that determination. ECF No. 57-1 at 15–17, 21–22.

Accordingly, regardless of whether Plaintiff's motion is viewed as a motion for reconsideration[1] of the Court's prior order or a motion to file an amended complaint,[2] it is DENIED to the extent Plaintiff seeks to reassert claims related to the CNYPC rule. Monetary damages are unavailable to Plaintiff for his overbreadth claim, and Plaintiff's allegations continue to make clear that prospective relief prohibiting enforcement of the CNYPC rule would not remedy Plaintiff's alleged injury. *See* ECF No. 53.

Plaintiff's fourth claim in his proposed Second Amended Complaint also purports to assert a claim against a new defendant, Anthony Annucci, the Commissioner of DOCCS. ECF No. 57-1 at 1, 20. Specifically, Plaintiff claims that the "negative correspondence" itself and the regulations applicable thereto are unconstitutionally overbroad. *Id.* at 18–22. To the extent the remaining Defendants wish to be heard on Plaintiff's motion to amend, they may respond by March 31, 2021. To the extent Defendants respond, Plaintiff may reply by April 14, 2021.

IT IS SO ORDERED.

Dated: March 11, 2021
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court

---

[1] "Reconsideration of a prior decision is generally justified in any one of the following three circumstances: (1) an intervening change in controlling law; (2) new evidence; or (3) the need to correct a clear error of law or to prevent manifest injustice." *Walden v. Wolcott*, No. 20-CV-6679, 2020 WL 8665291, at *1 (W.D.N.Y. Oct. 21, 2020).

[2] "A court may . . . deny leave to amend where such amendment would be futile." *Brock v. Logsdon*, No. 19-CV-6082, 2019 WL 6841544, at *3 (W.D.N.Y. Dec. 16, 2019) (internal quotation marks omitted).