UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────────

MICHAEL JOSHUA HENDERSON,

                Plaintiff,

                                                        Case # 18-CV-6091-FPG

v.

                                                          DECISION & ORDER

BRIAN HEMBROOK, et al.,

                Defendants.
───────────────────────────────────

## INTRODUCTION

*Pro se* Plaintiff Michael Joshua Henderson filed this case pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights while he was an inmate at Attica Correctional Facility ("Attica"). ECF No. 1. On March 8, 2021, Plaintiff filed the instant motion, ECF No. 57, requesting to file a Second Amended Complaint ("SAC") and seeking reconsideration of the Court's Decision and Order dated February 2, 2021, ECF No. 53, which granted in part and denied in part Defendants' motion to dismiss the First Amended Complaint. On March 11, 2021, the Court reviewed Plaintiff's proposed SAC and permitted three claims he previously asserted in his First Amended Complaint, ECF No. 26, (claims one, three, and eighteen in the First Amended Complaint; claims one, two, and three respectively in the proposed SAC) to proceed with only non-substantive changes. ECF No. 58. The Court denied Plaintiff's motion to the extent it reasserted claims related to the Central New York Psychiatric Center ("CNYPC") rule. *Id.*

The Court reserved decision with respect to the SAC's fourth claim, to the extent it sought to assert a claim against a new defendant, Anthony Annucci, the Commissioner of DOCCS, regarding the "negative correspondence" policy contained in DOCCS Directive 4422. Specifically, Plaintiff claims that the "negative correspondence" itself and the regulations

1

applicable thereto are unconstitutionally overbroad. ECF No. 57-1 at 18-22. Defendants have now opposed that aspect of Plaintiff's motion to amend. ECF No. 61.

## LEGAL STANDARD

"Rule 15(a)(2) instructs that a court 'should freely give leave [to amend] when justice so requires.'" *Willis v. Rochester Police Dep't*, No. 15-CV-6284-FPG, 2018 WL 4637378, at *2 (W.D.N.Y. Sept. 27, 2018) (quoting *Grullon v. City of New Haven*, 720 F.3d 133, 139-40 (2d Cir. 2013)). A court may, however, deny leave to amend where such amendment would be "futile." *Id.* Amendment is futile if the proposed claim "could not withstand a motion to dismiss pursuant to Rule 12(b)(6)." *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002).

## DISCUSSION

**I.     Relevant Allegations in the SAC**

Plaintiff seeks leave to amend to add a claim against Annucci, challenging DOCCS's "negative correspondence" policy as unconstitutionally overbroad. In relevant part, that policy, embodied in Directive 4422 and 7 N.Y.C.R.R. § 720.3(a)(1), states that

> [i]f a request to be removed from an inmate's telephone or correspondence list is received, a confirmation letter shall be sent to the person making the request. If such person indicates, at a later time, that further correspondence is not objectionable, the superintendent or his/her designee may, but need not, direct the name of the person or business be removed from the negative correspondence and telephone list.

Plaintiff alleges that, in late 2017 or early 2018, his longtime girlfriend "DB" began working at CNYPC. ECF No. 57-1 at 13. Because a rule prohibited CNYPC employees from having contact with current or former inmates, DB was forced to indicate that she no longer desired to receive correspondence from Plaintiff, thereby adding her name to his negative correspondence

list.  Elsewhere in the SAC, Plaintiff challenges how DB's name was added to the negative correspondence list.  But with respect to the fourth claim, Plaintiff challenges how her name could be *removed* from the list.  At bottom, Plaintiff asserts that the negative correspondence policy is unconstitutionally overbroad because it delegates to the Superintendent unfettered authority to reinstate Plaintiff's correspondence privileges even if DB requested that such privileges be reinstated.  Plaintiff claims that "*if* DB and Plaintiff each wrote for permission to re-instate [sic] their correspondence privileges, but were subjected to a disgruntled superintendent or his/her designee and denied, their close familial relationship is severed forever."  ECF No. 57-1 at 19 (emphasis added).

## II.     Application

The problem is that Plaintiff's claim hinges on the word "if."  He does not allege a concrete injury and therefore amendment would be futile.

"Article III of the Constitution limits the jurisdiction of federal courts to 'Cases' and 'Controversies.'"  *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 157 (2014) (citing U.S. Const. art. III, § 2).  "The doctrine of standing gives meaning to these constitutional limits by identifying those disputes which are appropriately resolved through the judicial process."  *Id.* (internal quotation marks and brackets omitted).  "To establish Article III standing, a plaintiff must show (1) an injury in fact, (2) a sufficient causal connection between the injury and the conduct complained of, and (3) a likelihood that the injury will be redressed by a favorable decision."  *Id.* (internal quotation marks and brackets omitted).  "To establish a cognizable injury-in-fact, a plaintiff must show that [he] has suffered an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical."  *Ctr. for*

*Food Safety v. Price*, No. 17-CV-3833 (VSB), 2018 WL 4356730, at *4 (S.D.N.Y. Sept. 12, 2018) (quoting another source).

Here, however, Plaintiff has not established any injury in fact. He has not alleged that DB has indicated to the Superintendent that communication with Plaintiff is no longer objectionable and that the Superintendent has nevertheless refused to remove DB from Plaintiff's negative correspondence list. Accordingly, Plaintiff has not alleged that he has actually been injured by Directive 4422. *See Kallas v. Egan*, 842 F. App'x 676, 678 (2d Cir.), *cert. denied*, 142 S. Ct. 237, 211 L. Ed. 2d 105 (2021) (summary order) (affirming order dismissing case because "nowhere in his complaint or various filings has [plaintiff] alleged any facts showing that he himself suffered any injury-in-fact from any [law], and he did not allege that [defendant's] conduct caused him any harm such that he had a personal stake in the litigation").

The closest Plaintiff comes is stating that DB wrote to a family member to indicate that DB almost lost her job at CNYPC, no longer worked there, and would be writing Plaintiff a letter. Plaintiff says he never received the letter and surmises that the reason is "likely due to the negative correspondence." ECF No. 57-1 at 21. But these allegations are based on pure conjecture about happened and why and speculation as to what may happen in the future. Still, Plaintiff asserts that "DB may not be aware that she has to write to the Superintendent at Plaintiff's facility to re-instate [sic] their communication privileges, and because Plaintiff is subjected to the negative correspondence, he has no way of letting DB know." *Id.* at 21. Yet Plaintiff fails to appreciate that Directive 4422 does not prevent a person on the list from sending mail to an inmate, only the reverse.

4

## CONCLUSION

For the reasons stated above, Plaintiff's motion to amend, ECF No. 57, is DENIED.

Although the Court denies Plaintiff's motion to amend to add an overbreadth challenge to the negative correspondence portion of Directive 4422 and its attendant policies, the Court recognizes that Plaintiff may not be in a position to know if DB ever sought to remove her name from the negative correspondence list and was denied. Accordingly, the parties may engage in limited discovery on this issue under the supervision of Magistrate Judge Pedersen. If, as a result of that discovery, Plaintiff can establish standing, he may move to amend his complaint within the deadlines set by Magistrate Judge Pedersen.

IT IS SO ORDERED.

Dated: January 3, 2022
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York